IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JO PARSONS, | ) | CASE NO. 1:11-cv-01063 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL J.ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **AMENDED  REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

Plaintiff Billie Jo Parsons ("Parsons") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for social security disability benefits.  Doc. 1.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  The case has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

Ten[1] years have gone by since Parsons filed her disability application on June 7, 2002.  During that time, three different Administrative Law Judges ("ALJs") have issued decisions containing three inconsistent findings as to Parsons' residual functional capacity ("RFC"), specifically, her manipulative limitations.  After the first ALJ's decision, this Court remanded the case pursuant to a stipulation of the parties for a limited supplemental proceeding, which was not to include a de novo redetermination of Parsons' manipulative limitations.  The stipulation for remand resulted from a recognition that the opinion of the vocational expert ("VE") on which the first ALJ relied in determining that Parsons was not disabled was fatally flawed because it was inconsistent with the Dictionary of Occupational Titles (the "DOT") and the limitations in the

---

[1] The initial Report and Recommendation erroneously stated that twelve years have gone by since Parsons filed her application in 2002.  The only change made in this Amended Report and Recommendation is to correct the time period from twelve to ten years.

ALJ's RFC determination. *See* Appeals Council March 3, 2006, Remand Order at Tr. 338-342. Notwithstanding the limited nature of the remand specified in this Court's Order of January 20, 2006 (Tr. 359-363), the second and third ALJs each performed de novo reviews of Parsons' RFC, including her manipulative limitations. The second ALJ found fewer manipulative limitations than the first ALJ and the third ALJ found no manipulative limitations at all. VEs testifying before the second and third ALJs opined that no work would be available to an individual with the limitations found by the first ALJ.[2]

The decision of the third ALJ is the subject of this case. It became the final decision of the Commissioner on March 25, 2011, when the Appeals Council denied review. Tr. 288-288B. Because the third ALJ erred by acting inconsistently with this Court's Remand Order,[3] the undersigned recommends that the decision of the Commissioner be REVERSED and REMANDED for an award of benefits to Parsons for the period of June 13, 2001, through December 29, 2005.[4]

## I. Procedural History

The procedural history leading to the current administrative appeal is lengthy. It starts with Parsons' filing of a social security disability application on June 7, 2002, alleging a disability onset date of June 13, 2001. Tr. 77-79. Parsons alleged disability based on neck and back injuries – lower back problems, osteoarthritis and severe migraine headaches. Tr. 94. After

---

[2] Different VEs testified at each of the three ALJ hearings. At the hearing before the second ALJ, the VE testified that no jobs would be available to a sedentary individual with a limitation of occasional reaching, handling, and feeling and rare fine manipulation with both hands. Tr. 660. At the hearing before the third ALJ, the VE testified that a limitation of "occasional handling reaching and feeling" would "eliminate a person from doing all kind of unskilled sedentary jobs." Tr. 690. These are the limitations found by the first ALJ.

[3] References to "Remand Order" without a notation that it is one of the Appeals Council's remand orders means this Court's January 20, 2006, Remand Order.

[4] Parsons filed a second application for benefits on July 15, 2004. Tr. 322-329. On that application, the Commissioner determined that Parsons was disabled for the period of December 30, 2005, to at least August 25, 2006. Tr. 322-329.

initial denials by the state agency (Tr. 56-57), Parsons requested a hearing (Tr. 68 ), and an administrative hearing was held before Administrative Law Judge Michael D. Quayle ("ALJ Quayle" or the "first ALJ") on May 12, 2004. Tr. 33-55.

*The First ALJ's Decision*

In his June 30, 2004, decision (Tr. 19-30) ALJ Quayle determined that Parsons had not been under a disability. Tr. 29-30. He found that Parsons had the RFC for "lifting and carrying 5 to 15 pounds occasionally and 5 pounds frequently; standing and/or walking 4 hours of an 8 hour day, 30 minutes at a time; sitting 4 hours of an 8 hour day, 30 minutes at a time; *occasional* balancing, stooping, *reaching, handling, and feeling*; and *rare* climbing, crouching, kneeling, crawling, pushing, pulling, and *fine manipulation*." Tr. 29 (emphasis added). After the VE testified that the jobs of dowel inspector and bench assembler would be available to someone with the foregoing limitations (Tr. 50), the VE admitted, on questioning by Parsons' counsel, that more than occasional handling would be required for those two jobs. Tr. 53. The hearing record is unclear as to whether or not fine manipulation or more than occasional handling would be required for the third job noted by the VE, i.e., order clerk. Tr. 53-54.

Parsons requested review of the first ALJ's decision by the Appeals Council. On October 19, 2004, the Appeals Council initially denied Parsons' request for review. Tr. 12-14. Thereafter, the Appeals Council notified Parsons that it was setting aside its decision not to review for the purpose of considering additional information. Tr. 7-10. However, on November 18, 2004, the Appeals Council again found no reason to review ALJ Quayle's decision making the ALJ's decision the final decision of the Commissioner. Tr. 7-10.

*Stipulation and District Court Remand*

Parsons appealed to this Court. The parties then entered into a Stipulation requesting remand and the U.S. Magistrate Judge recommended remand. Tr. 356-357, 359. The Stipulation stated in relevant part: "On remand, the Administrative Law Judge will be directed to hold a supplemental hearing and gather vocational evidence testimony concerning the existence of jobs that accommodate Plaintiff's manipulative limitations. Plaintiff will be given the opportunity to testify and present additional evidence." Tr. 356. On January 20, 2006, this Court adopted as its own the Magistrate Judge's recommendation that "the case be remanded to the Commissioner for a supplemental hearing to include vocational expert testimony concerning the jobs which accommodate plaintiff's manipulative limitations. Plaintiff is to have the opportunity to testify and present evidence at this supplemental hearing." Tr. 359-363.

*Appeals Council's First Remand Order*

On March 3, 2006, following this Court's Remand Order, the Appeals Council issued a *Notice of Order of Appeals Council Remanding Case to Administrative Law Judge* (AC Remand Order #1). Tr. 338-342. In the AC Remand Order #1, the Appeals Council vacated its final decision of June 30, 2004, and remanded the case to an ALJ for further proceedings consistent with this Court's Remand Order. Tr. 341. The AC Remand Order #1 confirmed the inconsistency of the VE's opinion with the DOT and with the first ALJ's RFC finding. The Appeals Council noted that ALJ Quayle concluded that Parsons could "no more than 'occasionally' reach, hand and feel, and only 'rarely' engage in 'fine manipulation.'" Tr. 341. The Appeals Council also noted that, of the three jobs cited by the VE as being available to Parsons, two (dowel inspector and bench assembler), required more than occasional handling and feeling and more than rare fingering and the third (order clerk) (DOT number 209.567-014),[5]

---

[5] The DOT is published by the Department of Labor. *See* 20 CFR § 404.1566(d)(1).

required frequent handling.[6] Tr. 341. As a result, the Appeals Council indicated in the AC Remand Order #1 that the record lacked substantial evidence to support ALJ Quayle's conclusion that Parsons could perform jobs that exist in significant numbers. Tr. 341. Additionally, the Appeals Council noted that, because the hearing tape was partially inaudible, there was an incomplete record. Tr. 341. In the AC Remand Order #1, the Appeals Council specifically directed that, upon remand,

> . . . the Administrative Law Judge will take appropriate action to resolve the issues cited above and any other issues which the Administrative Law Judge finds to be appropriate, in accordance with the applicable Social Security Administration regulations and Rulings.
>
> The Administrative Law Judge will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14 and/or 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy 920 CFR 404.1566). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).
>
> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing and to present evidence, take any further action needed to complete the administrative record and issue a new decision.

Tr. 342.

*The Second ALJ's Decision*

On remand, the case was first heard by ALJ David L. Wurzel ("ALJ Wurzel" or the "second ALJ"). He issued a decision unfavorable to Parsons on August 25, 2006. Tr. 288-311.

---

[6] The Appeals Council noted that the testimony regarding the fingering and handling requirements of an order clerk was unclear on the tape. Tr. 341. However, the vocational expert had cited DOT number 209.567-014 to identify order clerk and the Appeals Council's review of the DOT indicates that that job requires frequent handling. Tr. 341.

5

ALJ Wurzel concluded that, because Parsons, in the course of pursuing a second application, amended her alleged onset date from July 1, 2004, to December 30, 2005,[7] she had admitted that she was not disabled from July 1, 2004, through December 29, 2005, and concluded that the proper period for his consideration was the period of June 13, 2001, through June 30, 2004.  Tr. 292, 294.  Contrary to Parsons' counsel's arguments, the second ALJ indicated that he read the District Court's Remand Order and the AC Remand Order #1 as intending a de novo assessment of the entire record in the case, not a mandate that he adopt the first ALJ's manipulative limitation findings.  Tr. 293.   The second ALJ's RFC finding included limitations different from the first ALJ's in that it decreased Parsons' limitations to "frequent handling and fingering with both hands; and no power gripping with the non-dominant left hand."[8]  Tr. 309.  Based on this RFC, the second ALJ determined that there were jobs that existed in significant numbers in the national economy that Parsons could perform: assembler and order clerk.[9] Therefore, the second ALJ found that Parsons was not disabled.  Tr. 310-311.

### *Appeals Council's Second Remand Order*

On March 26, 2008, the Appeals Council issued another *Notice of Order of Appeals Council Remanding Case to Administrative Law Judge* (AC Remand Order #2).  Tr. 312-316.  In its AC Remand Order #2, the Appeals Council held that the second ALJ incorrectly concluded that Parsons had admitted no disability prior to December 30, 2005.  Tr. 315.   Accordingly, the

---

[7] ALJ Wurzel issued a favorable decision on Parsons' second application, which was filed on July 15, 2004.  Tr. 322-329.  The second application alleged an onset date of July 1, 2004, the day after ALJ Quayle's decision.  Tr. 323.  During a hearing before ALJ Wurzel on her second application, Parsons agreed to amend her alleged onset date to December 30, 2005.  Tr. 323.

[8] Additional limitations were included but are not recited here.  Tr. 309.

[9] This finding was based on vocational expert testimony.  Tr. 310.

6

Appeals Council remanded the case again but chose to remand to another ALJ.[10] Tr. 315-316.

AC Remand Order #2 directed that, upon remand:

> . . . the Administrative Law Judge will adjudicate the entire period at issue, June 13, 2001 through December 29, 2005.
>
> \*\*\*
>
> . . . the Administrative Law Judge will offer the claimant the opportunity for a hearing and take any further action needed to complete the administrative record.

Tr. 315-316.

### *The Third ALJ's Decision*

The subject of this appeal is the March 24, 2009, decision issued by the third ALJ, Edmund Round ("ALJ Round" or the "third ALJ") on remand from the Appeals Council's Second Remand Order. ALJ Round found Parsons not disabled for the period of June 13, 2001, the alleged onset date, through December 29, 2005. Tr. 288E-288S. ALJ Round reviewed this Court's Remand Order and the Stipulation and concluded that "[t]here was no stipulation what those manipulative limitations were, nor did the District Court state any manipulative limitations. Neither the stipulation nor the District Court found fault with any other aspect of the ALJ decision on appeal." Tr. 288J. The third ALJ then conducted a de novo review of the record and determined that Parsons did not have an impairment resulting in manipulative limitations and therefore the third ALJ *did not include any manipulative limitations in the RFC*. Tr. 288L-288Q. He concluded that Parsons maintained the RFC to do a range of sedentary work with some limitations. Tr. 288L-288Q. Specifically, he determined that Parsons "could lift, carry, push and/or pull a maximum of 10 pounds, could sit for 6 hours, and could stand and/or walk for 2

---

[10] In her exceptions to ALJ Wurzel's unfavorable decision, Parsons argued that the ALJ used inappropriate language. Tr. 316. The Appeals Council did find that the ALJ used injudicious language during the hearing but did not find evidence of bias or an unfair hearing. Tr. 316. However, the Appeals Council stated "[a]s this case was previously remanded to the same Administrative Law Judge, the Appeals Council directs that this case be assigned to another Administrative Law Judge." Tr. 316.

7

hours in an 8-hour work day, with normal breaks. She was precluded from using ladders, ropes and scaffolds. She could occasionally use stains [sic] and ramps. She could occasionally balance, stoop, kneel, crouch and crawl. She was precluded from exposure to workplace hazards." Tr. 288L-288M. Based on this RFC, the third ALJ found that Parsons could not perform her past work as a seamstress, which was light, unskilled work. Tr. 288Q-288R. However, the third ALJ determined that Parsons was not disabled between the original alleged onset date of June 13, 2001, and December 29, 2005, because, based on VE testimony, there were jobs existing in significant numbers in the national economy that she could perform: order clerk, bench assembler, and electronic assembler. Tr. 228R, 689. During the hearing before ALJ Round, the VE acknowledged that a limitation of "occasional handling, reaching, feeling," i.e., manipulative limitations found by the first ALJ, would eliminate an individual from doing any kind of unskilled sedentary job. Tr. 690. Thus, had the third ALJ found the same manipulative limitations as the first ALJ, Parsons would have been determined to be disabled.

## II. Standard for Disability

Under the Act, 42 U.S.C § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 423(d)(2).

8

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42, 96 L. Ed. 2d 119, 107 S. Ct. 2287 (1987). Under this sequential analysis, the claimant has the burden of proof at Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the Residual Functional Capacity ("RFC") and vocational factors to perform work available in the national economy. *Id.*

### III. Parties' Arguments

**A.     Plaintiff's Arguments**

Parsons argues that the Commissioner erred by failing to comply with the directives in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). Doc. 21, p. 3, 10. More specifically, Plaintiff asserts that the second and third ALJs were bound by the first ALJ's finding that she was limited to occasional reaching, handling, and fingering and only rare fine manipulation. Doc. 21, p. 10. Parsons also argues that the Commissioner erred by failing to follow this Court's Remand Order and the remand orders of the Appeals Council. Doc. 21, p. 3, 9.

**B.     Defendant's Arguments**

In response, the Commissioner argues that *Drummond* is inapplicable because *Drummond* applies only to "final" decisions by the Commissioner. The Commissioner argues that neither ALJ Quayle's nor ALJ Wurzel's decision on Parsons' second application was a "final" decision and, therefore, neither was binding on ALJ Round. Doc. 23, p. 3, 9-12. The Commissioner also argues that the law of the case doctrine does not apply to either the Appeals Council Remand Order or this Court's Remand Order. Doc. 23, p. 3, 12-15. The Commissioner

asserts that this Court, in remanding the case in 2006, did not identify specific manipulative limitations and "did not adjudicate a contested issue concerning the existence of manipulative limitations, but instead accepted the parties agreement that the 2004 ALJ decision did not sustain the Commissioner's burden to produce adequate vocational evidence" and therefore the Commissioner did not err in conducting a de novo review.  Doc. 23, p. 12.  Further, the Commissioner asserts that the existence of new evidence is a compelling reason for departure from a prior ruling.  Doc. 23, p. 14.  Finally, the Commissioner argues that the Commissioner's decision including the third ALJ's determination that Parsons had no manipulative limitations is supported by substantial evidence.  Doc. 23, p. 3, 15-17.

## IV. Law & Analysis

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992).  A court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**A.**     ***Drummond*** **is inapplicable.**

In *Drummond v. Comm'r of Soc. Sec*, the Sixth Circuit stated that "absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."  126 F.3d 837, 842 (6th Cir. 1997).  The Social Security Administration acquiesced in this ruling.  *See* Acquiescence Ruling 98-4(6), 1998 SSR LEXIS 5 (June 1, 1998) ("AR 98-4(6)).  In

AR 98-4(6), the Social Security Administration stated that, "[w]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id* at *9.

*Drummond* applies when a *subsequent* disability claim is being adjudicated and when there is a final judgment on a *prior* claim. *Drummond*, 126 F.3d at 842; Acquiescence Ruling 98-4(6), 1998 SSR LEXIS at *9. Here, the claim that was adjudicated by ALJ Round and that forms the basis of this appeal is the same claim that was adjudicated by ALJ Quayle. i.e., ALJ Round was not adjudicating a subsequent claim. Accordingly, *Drummond* is inapplicable and Parsons' *Drummond* argument is without merit.

**B. The Commissioner committed error by failing to follow this Court's January 20, 2006, Remand Order.**

Generally, "on the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions." *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967). "[I]f the cause is remanded with specific directions, further proceedings in the trial court or agency from which the appeal is taken must be in substantial compliance with such directions; and if the cause is remanded for a specified purpose, any proceedings inconsistent therewith is error." *Id.* "Deviation from the court's remand order in subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citing *Mefford v. Gardner*, 383

11

F.2d 748, 758-759 (6th Cir. 1967)). These principles and authorities are not an absolute bar to an ALJ going beyond a district court's order but they do prohibit any such action that is inconsistent with any express or implied order. *Hollins v. Massanari*, 49 Fed. Appx. 533, 536 (6th Cir. 2002).

Here, on January 20, 2006, following a Stipulation of the parties (Tr. 356-357), this Court remanded Parsons' case to the Commissioner for a "supplemental hearing," not a de novo hearing. Tr. 360-363. As part of its Remand Order, this Court "directed that the hearing should 'include vocational expert testimony concerning the jobs which accommodate plaintiff's manipulative limitations,' and that the plaintiff be given the opportunity to testify and present evidence." Tr. 360-361. Although this Court did not specifically state what Parsons' manipulative limitations were, a plain reading of the Remand Order and the parties' own Stipulation indicates that the Court and the parties were referring to the manipulative limitations found by the first ALJ. Tr. 356-363.

Interpreting the Stipulation and Remand Order as allowing a de novo assessment of whether or not there were manipulative limitations, as the third ALJ did (Tr. 288J-288I) and as the Commissioner asks this Court to rule, is inconsistent with the Remand Order. The Remand Order does not say the hearing should "include vocational expert testimony concerning the jobs which accommodate plaintiff's manipulative limitations, *if any*." Nor does the Remand Order say that the ALJ on remand "should determine what plaintiff's manipulative limitations are." The Appeals Council understood that this Court did not intend for Parsons' limitations to be subject to reopening and a de novo review. In its AC Remand Order #1, the Appeals Council stated that the ALJ "will obtain supplemental evidence from a vocational expert to clarify the effect of the *assessed* limitations on the claimant's occupational base." Tr. 342 (emphasis supplied). The Appeals Council's use of the word "assessed" to modify "limitations" clearly

12

refers to the limitations found by the first ALJ.  The Appeals Council thus directed the ALJ on remand to clarify, through supplemental vocational testimony, the effect of the *previously assessed*  limitations on the ability of Parsons to perform work.

The Commissioner also argues that, because there was new evidence relating to the existence of manipulative limitations after the first ALJ's decision, there is a compelling reason to permit departure from application of the law of the case doctrine.  Doc. 23, p. 14-15 (relying on *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998)).  While the Commissioner references an exhibit list (Doc. 23, p. 14, FN 3 (citing Tr. 6, 6D)), the Commissioner fails to identify any specific "new evidence" the third ALJ relied upon to reach his conclusion that Parsons had no manipulative limitations.  Accordingly, the Commissioner has not established a compelling reason why this Court should depart from the law of the case doctrine.

The Commissioner argues that the third ALJ's decision is supported by substantial evidence.  Doc. 23, 15-17. However, the third ALJ's decision to conduct a de novo assessment as to whether or not Parsons had manipulative limitations was in error because it was inconsistent with the Remand Order, which directed a *supplemental* hearing that was to "include vocational expert testimony concerning the jobs *which accommodate plaintiff's manipulative limitations*." (Tr. 360-363) (emphasis added).  The Commissioner's error cannot be cured by a finding that ALJ Round's decision is supported by substantial evidence.  Therefore, the Commissioner's decision should be reversed and remanded.

A lower court's or an agency's adherence to a reviewing court's directions is paramount; "otherwise, litigation would never be ended."  *Mefford*, 383 F.2d at 758 (stating that "public interests require that an end shall be put to litigation . . .).  The VE testimony at the hearings before the second and third ALJs establishes that, if the third ALJ had followed this Court's

Remand Order by accepting the manipulative limitations found by the first ALJ, Parsons would have been determined to be disabled.  Accordingly, the undersigned recommends that this Court direct the Commissioner on remand to award benefits to Parsons for the period of June 13, 2001, through December 29, 2005.

### V.  Conclusion and Recommendation

For the foregoing reasons, it the undersigned's recommendation that the Commissioner's decision finding Parsons not disabled be REVERSED and REMANDED for an award of benefits to Parsons for the period of June 13, 2001, through December 29, 2005.

Dated:  June 13, 2012

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).