UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

BILLIE JO PARSONS            :
                             :     CASE NO. 1:11-cv-01063
         Plaintiff,          :
                             :
vs.                          :     OPINION & ORDER
                             :     [Resolving Doc. No. 26, 27]
COMMISSIONER OF SOCIAL       :
SECURITY,                    :
                             :
         Defendant.          :
                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Kathleen B. Burke recommended that this Court reverse the Social Security Commissioner's denial of benefits to Plaintiff Billie Jo Parsons. Following remand by this court from the Commissioner's initial denial of benefits, the Plaintiff's application for social security disability benefits was rejected by a second, and then a third Administrative Law Judge ("ALJ"). Because the third ALJ acted inconsistently with this Court's limited remand order when he conducted a *de novo* review of the Plaintiff's residual function capacity ("RFC"), the Court **ADOPTS** the recommendation of the Magistrate Judge, **REVERSES** the Commissioner's denial of benefits, and **REMANDS** this case for an award of benefits to Parsons for the period of June 13, 2001 through December 29, 2005.

**I.    Background**

On June 7, 2002, Parsons applied for social security disability benefits, alleging a disability onset date of June 13, 2001. Tr. 77-79. Following a hearing before ALJ Michael D. Quayle on May

Case No. 1:11-cv-01063
Gwin, J.

12, 2004, Tr. 19-30, Parson's application was first denied by the Commissioner on November 18, 2004, Tr. 7-10, and she sought review before this Court. Because the vocational expert's testimony failed to account for the Plaintiff's manipulative limitations as determined by ALJ Quayle, the Commissioner and the Plaintiff submitted a proposed stipulation to Magistrate Judge James S. Gallas recommending reversal and remand directing the next ALJ "to hold a supplemental hearing and gather vocational expert testimony concerning the existence of jobs that accommodate Plaintiff's manipulative limitations." Tr. 334. Magistrate Judge Gallas recommended that this Court adopt the proposed stipulation and remand for further testimony "concerning the jobs which accommodate the Plaintiff's manipulative limitations." Tr. 333. Neither side filed an objection. On January 20, 2006, this Court adopted Magistrate Judge Gallas's recommendation as its own and remanded the case to the Commissioner for a supplemental hearing. Tr. 360-361.

Accordingly, the Appeals Council vacated its final order and remanded the case for hearing by the second ALJ, David L. Wurtzel. In his unfavorable decision, ALJ Wurtzel noted that he read the remand order from the Appeals Council as requiring a *de novo* review of the entire record, Tr. 293, and based his decision on a new determination of the Plaintiff's physical limitations–a determination that was inconsistent with the RFC established by the first ALJ. Tr. 288-311. ALJ Wurtzel's decision was reversed and remanded by the Appeals Council on different grounds, Tr. 315-316, and proceeded to be heard by a third ALJ, Edmund Round.

ALJ Round also reviewed the entire record *de novo*, and based his unfavorable decision on yet another inconsistent determination of the Plaintiff's RFC. This time, the ALJ determined that the Plaintiff had *no* impairment resulting in manipulative limitations. Tr. 288L. The vocational expert before ALJ Round testified that manipulative limitations would have precluded an individual from doing any kind of unskilled job. Tr. 690.

Case No. 1:11-cv-01063
Gwin, J.

ALJ Round's decision became the final decision of the Commissioner when the Appeals Council denied review on March 25, 2011. Tr. 288-288B. The Plaintiff sought review by this Court, and on June 13, 2012, Magistrate Judge Burke issued a Report and Recommendation, recommending reversal and remand for an award of benefits. [Doc. 26.] The Commissioner filed a document making no new objections, referring this Court to its earlier briefs, and requesting that if this Court remands for an award of benefits, the remand should order the Social Security Agency to determine the period and type of benefits awarded. [Doc. 27.]

**II.    Legal Standards**

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. *Colvin v. Barnhart*, 475 F.3d 727 (6th Cir. 2007). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. Rather, a district court is limited to determining whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

However, "on the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein

Case No. 1:11-cv-01063
Gwin, J.

without variation and without departing from such directions." *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967). "Deviation from the court's remand order in subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citing *Mefford*, 383 F.2d at 758-59). "[T]he administrative law judge may not do anything expressly or impliedly in contradiction to the district court's remand order." *Hollins v. Massanari*, 49 Fed. App'x 533, 536 (6th Cir. 2002).

### III. Discussion

ALJ Round deviated from this Court's remand order when he reviewed the Plaintiff's RFC *de novo* and determined that she suffered no manipulative limitations. This is clear from the plain language of the Court's remand order, which instructed the ALJ to conduct a *supplemental* hearing and receive testimony addressing "the jobs which accommodate plaintiff's manipulative limitations." Tr. 360-361. The Appeals Council recognized this when it directed the ALJ to "obtain supplemental evidence to clarify the effect of the *assessed* limitations on the claimant's occupational base." Tr. 342 (emphasis added). ALJ Quayle had determined that the Plaintiff was limited to occasional reaching handling and feeling, and rare fine manipulation. Tr. 29. Nothing in this Court's limited remand authorized ALJ Round to reassess that limitation–much less eliminate the manual limitation from the RFC entirely. By doing so, ALJ Round committed clear error.[1] *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

---

[1] The Commissioner makes no "specific" objections to Magistrate Judge Burke's Report and Recommendation. *See U.S. v. Raddatz*, 447 U.S 667, 675 (1980) (quoting the report of the House Judiciary Committee on the 1976 Amendments to the Federal Magistrates Act). It refers only to its earlier briefs, and the Court is unpersuaded that the remand order either expressly or impliedly permits de novo review or that the ALJ's disregard for its instructions can be cured by the alleged correctness of his reconsidered conclusions. And as Magistrate Judge Burke notes in her Report and Recommendation, the only remaining contested time period is between the onset date specified in the Plaintiff's original application and the date upon which the Plaintiff has already been found to be disabled, December 30, 2005.

Case No. 1:11-cv-01063
Gwin, J.

Fortunately, this Court's original instructions can still be complied with. Kevin Yi, the vocational expert called before ALJ Round, testified that the "last occasional handling reaching feeling" limitations would "eliminate the person [from] doing all kind[s] of unskilled sedentary jobs." Tr. 690. VE Yi therefore provided the testimony that should have been elicited immediately on remand, and his testimony demonstrates that if the original RFC had been used, the Plaintiff would have been found disabled. Accordingly, Magistrate Judge Burke recommends that this Court direct the Commissioner to award benefits for the period here under review, and the Court agrees.

### IV. Conclusion

The Court **ADOPTS** Magistrate Judge Burke's Report and Recommendation in full and incorporates it herein by reference, **REVERSES** the Commissioner's denial of benefits, and **REMANDS** this case to the Commissioner for an award of benefits to the Plaintiff for the period between June 13, 2001 and December 29, 2005.

IT IS SO ORDERED.

Dated: September 5, 2012         s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE