UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
BILLIE JO PARSONS,                                :
                                                  :    CASE NO. 1:11-CV-1063
            Plaintiff,                            :
                                                  :
vs.                                               :    OPINION & ORDER
                                                  :    [Resolving Doc. No. 30]
MICHAEL J. ASTRUE,                                :
Commissioner of Social Security,                  :
                                                  :
            Defendant.                            :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Billie Jo Parsons seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Though the Commissioner does not dispute her entitlement to fees, or the reasonableness of the hours billed on her case, he challenges the hourly billing rates used in calculating in her fee application. Because the Plaintiff fails to demonstrate special factors that warrant a fee increase beyond the presumptive statutory maximum, the Court **DENIES IN PART** the Plaintiff's application, **AWARDS** attorney fees to the Plaintiff at the rate of $125.00 per hour, and **ORDERS** payment consistent with this opinion..

**I. Background**

On May 24, 2011, Plaintiff Courtney Daniels filed a complaint seeking review of the

-1-

Case No. 1:11-CV-1063
Gwin, J.

Defendant Commissioner of Social Security's decision to deny her application for disability benefits under the Social Security Act, 42 U.S.C. § 405(g). [Doc. 1.] The matter was referred to Magistrate Judge James R. Knepp II under Local Rule 72.2, and later reassigned to magistrate Judge Kathleen B. Burke. On May 25, 2012, Magistrate Judge Burke issued a Report and Recommendation recommending that this Court reverse the Commissioner's decision. [Doc. 24.] The Commissioner filed objections to the Report and Recommendation on June 22, 2012. [Doc. 24.] On September 5, 2012, the Court adopted Magistrate Judge Burke's Report and Recommendation, reversed the Commissioner's decision, and remanded this case for further proceedings. [Doc. 28.]

On December 4, 2012, the Plaintiff filed this application for attorney fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). She seeks an award of attorney fees at the rate of $180.00 per hour, with an additional five-dollar per hour premium for "work on this case in federal court." [Doc. 30 at 1.]

## II. Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A Social Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Case No. 1:11-CV-1063
Gwin, J.

The EAJA does, however, provide a presumptive $125.00 statutory cap on the hourly billing rates that a prevailing party may be reimbursed.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A prevailing party may seek fees in excess of the presumptive statutory cap, but "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Moreover, § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

### III. Discussion

The parties do not dispute the Plaintiff's entitlement to attorney fees. Nor do the parties dispute the number of hours billed by the Plaintiff's attorney in this case. The only issue for the Court's consideration is the appropriate hourly rate upon which her fee award should be based.

Plaintiff gives this Court no reason to depart from the statute's presumptive cap. To the contrary, she says that "[t]here are no special circumstances in this case." [Doc. 30 at 2.] The Plaintiff makes no showing that the practice at the $125 rate is commercially impracticable. She therefore fails to bear her burden of proof to show that inflation justifies a cost-of-living increase. *Begley v. Sec'y of HHS*, 966 F.2d 196, 200 (6th Cir. 1992) ("The issue is, and must remain, whether these increases in the cost of living 'justif[y] a higher fee.'"); *see also Matthews-Sheets v. Astrue*,

Case No. 1:11-CV-1063
Gwin, J.

653 F.3d 560, 563 (7th Cir. 2011) (Posner, J.) ("The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.") (emphasis in original) (citing *Bryant*, 578 F.3d at 450.)

Nor does the Plaintiff's evidence higher prevailing rates, or (as she must) special factors that might properly undergird them. The Court must consider "the prevailing market rate for attorneys' services *of the kind and quality rendered in this case*." *Begley*, 966 F.2d at 200 (emphasis added). The EAJA permits awarding enhanced fees where specific skills and knowledge necessary to litigate of a particular case are not held among more general practitioners. *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question," but only permits above-cap reimbursement where counsel with requisite speciality cannot be procured at the statutory cap). Even general evidence that her attorney specializes in Social Security advocacy does not justify enhanced fees. *See Fawcett v. Barnhart*, No. 4:04-cv-2448, 2008 WL 2783494, at *5 (N.D. Ohio July 15, 2008) (O'Malley, J.) ("Plaintiff's counsel's expertise in Social Security cases [including specialized subject-matter knowledge and practice-based accreditation] does not justify the enhanced hourly rate.") Plaintiff fails to meet this standard.

Fee applications must be reviewed independently in each case for reasonableness. *Griffiths v. Comm'r of Soc. Sec.*, No. 1:09-cv-2453, ECF Doc. No. 33, at 5 (N.D. Ohio June 2, 2011) (order granting fee award). Plaintiffs in this District have frequently been denied enhanced fees where they fail to make the requisite evidentiary showings. *Vasquez v. Astrue*, No. 3:11-cv-0177, ECF Doc. No.

-4-

Case No. 1:11-CV-1063
Gwin, J.

27, at 3-5 (N.D. Ohio June 11, 2012) (White, Mag. J.) (order granting in part fee award; reviewing Northern District denials of enhanced fees). This case falls within this category. The Court declines the Plaintiff's invitation to ignore the appropriate burden of proof, abandon its particularized discretion, and "rubber stamp," *Begley*, 966 F.2d at 200, the Plaintiff's thinly supported request for an enhanced fee award.

Moreover, the requested fees generally must be paid directly to a plaintiff, not her attorney. *See Ratliff*, 130 S. Ct. at 2521. Plaintiff has gives no reason to distinguish her case from this general rule.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** the Plaintiff's motion for attorney fees, **AWARDS** attorney fees to the Plaintiff at the adjusted rate of $125.00 per hour, and **ORDERS** payment consistent with this order.

IT IS SO ORDERED.


Dated: December 27, 2012          s/      *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE